# 97 DTA 110

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL I - SAN JUAN**
**PANEL III**

LUIS E. COLON POR SI Y EN REPRESENTACION DE LA SOC. LEGAL DE
GANANCIALES  CONSTITUIDA CON MARIA SOCORRO VAZQUEZ
Apelantes

v.

MAXIMINO FAGUNDO EN REPRESENTACION DE LA SOC. LEGAL DE GANAN.
CONSTITUIDA CON SILVIA RODRIGUEZ DE FAGUNDO; SILVIA RODRIGUEZ DE
FAGUNDO; JANE DOE; RICHARD DOE
Apelados

Núm. KLAN-96-700202

San Juan, Puerto Rico, a 6 de mayo de 1997

Panel integrado por su Presidenta, Jueza Ramos Buonomo
y los Jueces González Román y Córdova Arone

Ramos Buonomo, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Los esposos Luis E. Colón y María Socorro Vázquez, (en adelante *"los esposos Colón Vázquez"*) nos solicitan la revocación de la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 28 de enero de 1997 declarando con lugar la moción de desestimación presentada por los esposos Maximino Fagundo y Silvia Rodríguez de Fagundo (en adelante *"los esposos Fagundo Rodríguez")*.

En su recurso los esposos Colón Vázquez hacen el siguiente señalamiento de error:

*"Erró el Tribunal de Instancia [sic] como cuestión de derecho al aplicar la doctrina de cosa juzgada en el presente pleito, y desestimando el mismo."*

Por los fundamentos expuestos más adelante, confirmamos la sentencia apelada por no haber sido cometido el error señalado.

### I

El 31 de octubre de 1986 los esposos Fagundo Rodríguez, dueños del establecimiento comercial *"Fine Food Center"* y de la propiedad inmueble donde éste se encontraba ubicado, vendieron el negocio y arrendaron el referido inmueble a los esposos Colón Vázquez. ■ En las cláusulas décima y decimotercera del mencionado contrato de arrendamiento las partes acordaron lo siguiente:

*"DECIMA: Este contrato de arrendamiento no incluye ni un apartamento, ni un garaje, ni un mirador que están contiguos al local donde estaba establecido el negocio Fine Food Center.*

.................

*DECIMOTERCERA: En relación a la propiedad que menciona la cláusula DECIMA de este contrato, los ARRENDATARIOS tendrán la primera opción de arrendar la misma según se desaloje. "*
■

Así las cosas, el 5 de febrero de 1988 ambos matrimonios acordaron añadir un *"Adendo"* al contrato de arrendamiento suscrito el 31 de octubre de 1986. El inciso número cuatro del referido *"Adendo"* dispone:

*"Bajo las mismas cláusulas y condiciones expuestas en el Contrato de Arrendamiento de 31 de octubre de 1986, los ARRENDADORES le arriendan a los ARRENDATARIOS el resto del local donde se encuentra el negocio Fine Food Center a una canon mensual de $600.00 por un término igual que el resto del Contrato de Arrendamiento de 31 de octubre de 1986. Los ARRENDATARIOS depositarán una fianza adicional de $600.00 mensuales."* ■

Luego de una controversia ■ acerca de cuál era la propiedad o locales ofrecidos en arrendamiento a los esposos Colón Vázquez bajo las disposiciones del Adendo, el 31 de mayo de 1991 los esposos Colón Vázquez presentaron una demanda contra los esposos Fagundo Rodríguez, el Sr. Teodoro Matos y el Sr. Robert Vanbever por incumplimiento específico de contrato y daños y perjuicios en el antiguo Tribunal Superior de Puerto Rico, Sala de San Juan (KAC-910883). Los esposos Colón Vázquez adujeron que la alegada interferencia de los esposos Fagundo Rodríguez en la relación contractual existente entre ellos y los señores Teodoro Matos y Robert Vanbever les causó daños y que los esposos Fagundo Rodríguez actuaron de forma irrazonable al no consentir la venta del negocio *"Fine Food Center"* a un tercero. ■ En dicho caso se dictó sentencia parcial el 2 de abril de 1993 y sentencia final el 20 de septiembre de 1993. La sentencia parcial resolvió que no les asistía la razón a los esposos Colón Vázquez, desestimando la demanda en su totalidad e imponiendo a los esposos Colón Vázquez el pago de costas y de honorarios de abogado. ■ Por otra parte, la sentencia final se limitó a declarar con lugar la reconvención presentada por el co-demandado Teodoro Matos. ■ Los esposos Colón Vázquez no recurrieron de ninguna de dichas sentencias, adviniendo éstas finales y firmes.

Posteriormente, los esposos Colón Vázquez presentaron la demanda de epígrafe argumentando que

el incumplimiento de contrato, así como la alegada interferencia de los esposos Fagundo Rodríguez en la relación contractual entre los primeros y sus subarrendatarios, les causó daños èconómicos ascendentes a $820,748.00 y sufrimientos y angustias mentales y daños emocionales ascendentes a $200,000.00. Los esposos Fagundo Rodríguez presentaron una solicitud de desestimación y/o sentencia sumaria amparándose en las defensas de cosa juzgada y falta de causa de acción siendo declarada con lugar por el tribunal *a quo*. No conformes, los esposos Colón Vázquez acuden ante nos.

## II

Los esposos Colón Vázquez alegan que el tribunal *a quo* incidió al aplicar la doctrina de cosa juzgada en el presente pleito, desestimando el mismo. No les asiste la razón. Veamos.

Sobre la doctrina de cosa juzgada el Artículo 1204 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3343, dispone que:

*"Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron."* .

El Tribunal Supremo ha resuelto que para que prospere la excepción de cosa juzgada es necesaria la concurrencia de cuatro identidades: dos objetivas --cosa y causa-- y dos subjetivas --personas y representación--. Además, la sentencia que se invoque debe tener el carácter de firme. *Bolker v. Tribunal Superior,* 82 D.P.R. 816, 823-824 (1961) y casos allí citados; *A & P Gen. Contractors v. Asoc. Caná,* 110 D.P.R. 753, 763 (1981).

Examinado el expediente resulta claro que entre el caso de epígrafe y el KAC-91-0883, caso cuya sentencia los esposos Fagundo Rodríguez invocan para demostrar su defensa de cosa juzgada, existe una perfecta identidad de cosa, causa, personas y representación. Nos explicamos.

En ambos casos la cosa u objeto que suscita el litigio son el contrato de arrendamiento y el Adendo suscritos por los esposos Colón Vázquez y Fagundo Rodríguez. La causa o razón de pedir en ambos litigios gira en torno al alegado incumplimiento de los esposos Fagundo Rodríguez de sus obligaciones bajo los referidos contratos, así como la alegada interferencia de éstos en los contratos de subarrendamiento entre los esposos Colón Vázquez y sus inquilinos. Demostrativo de ello es que en su demanda en el caso KAC-91-0883, al igual que en el caso de epígrafe, los esposos Colón Vázquez adujeron ■ específicamente que los esposos Fagundo Rodríguez estaban interfiriendo negativamente en la relación contractual existente entre ellos y sus subarrendatarios.

En cuanto al requisito de identidad de las personas o partes es suficiente con señalar que los esposos Colón Vázquez admiten en su Escrito de Apelación que en ambos casos las partes son las mismas, con lo cual aceptan la existencia de tal concurrencia. ■ Por último, entendemos que de la lectura del expediente y de las sentencias de ambos litigios se desprende claramente que tanto en el caso de epígrafe como en el KAC-91-0883 los esposos Colón Vázquez litigaron en calidad de demandantes-arrendatarios y los esposos Fagundo Rodríguez en calidad de demandados-arrendadores. Por tanto, se cumple también el requisito de identidad de representación. Además, la sentencia invocada por los esposos Fagundo Rodríguez es una válida y final y firme, pues los esposos Colón Vázquez no presentaron recurso alguno solicitando su revocación.

Ante la clara concurrencia de todos los requisitos necesarios para que surta efecto la presunción de cosa juzgada, este Tribunal concluye que no erró el tribunal *a quo* al aplicar dicha doctrina a los hechos del caso de epígrafe y en consecuencia declarar con lugar la solicitud de desestimación presentada por los esposos Fagundo Rodríguez.

## III

En virtud de lo antes expuesto, confirmamos la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 28 de enero de 1997, en el caso de epígrafe. Por estar esencialmente correcta dicha sentencia, la adoptamos por referencia, anejamos copia de la misma y la hacemos formar parte de la sentencia que dictamos en el día de hoy.

102

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 97 DTA 110

**1.** Dicho contrato de arrendamiento está contenido en un documento cuyas firmas fueron notarizadas por el abogado de los esposos Fagundo Rodríguez.

**2.** Véase el Apéndice del Escrito de Apelación, a la pág. 2.

**3.** Véase el Apéndice del Escrito de Apelación, a la pág. 3.

**4.** Dicha controversia suscitó, además, la presentación de sendas demandas de desahucio por parte de los esposos Colón Vázquez contra señores Teodoro Matos y Frank Vanbever. El caso contra el Sr. Teodoro Matos fue desestimado por falta de interés mientras que el presentado contra el Sr. Vanbever fue archivado por estipulación de las partes, dado que el Sr. Frank Vanbever no era el dueño del negocio ubicado en el local que los esposos Colón Vázquez pretendían que fuera desalojado. Antes de que la demanda contra el Sr. Frank Vanbever fuera archivada, los esposos Fagundo Rodríguez presentaron una demanda en cobro de dinero y daños y perjuicios contra el Sr. Frank Vanbever y su hijo Robert Vanbever por alegadamente adeudar seis meses de alquiler y por haberles impedido utilizar el local como espacio de almacén. Mediante sentencia el Tribunal Supremo resolvió que el Sr. Vanbever había pagado las mensualidades y que el pago de dichas mensualidades era a lo único que tenían derecho los esposos Colón Vázquez, siendo desestimada la alegación de daños hecha por ellos.

**5.** Véase el Escrito de Apelación, a las págs. 51-52.

**6.** Véase el Apéndice del Escrito de Apelación, a la pág. 61.

**7.** Véase el Apéndice del Escrito de Apelación, a la pág. 64.

**8.** Véase la alegación décima de la demanda presentada por los esposos Colón Vázquez en el caso KAC-91-0883, Apéndice del Escrito de Apelación, a la pág. 51. Véase, además, la alegación séptima de la demanda de epígrafe, Apéndice del Escrito de Apelación, a la pág. 3.

**9.** Véase el Escrito de Apelación, a la pág. 8.